IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,

     Plaintiff,

v.                                        CASE NO. 5:11-cv-181-RS-GRJ
RUSSELL K. RAMEY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. Docs. 1 and 2. Plaintiff was an inmate in the Putnam County, Georgia, jail at the time the Complaint was filed, but he has since been released. The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### Plaintiff's Claims

The Complaint stems from unspecified criminal charges against Plaintiff in Bay County, Florida. Plaintiff alleges that Defendant Ramey was the fifth Public Defender appointed to represent Plaintiff in connection with the charges. Ramey was allowed to withdraw from the case due to a conflict of interest, and another Public Defender was appointed to represent Plaintiff. The charges against Plaintiff were dismissed. Plaintiff alleges that while Ramey represented him, Defendant failed to file speedy trial and other motions on Plaintiff's behalf, and failed to act on Plaintiff's request for legal assistance in connection with civil claims that Plaintiff wanted to pursue against local law enforcement officers. Plaintiff alleges that Defendant is "guilty of negligent

malpractice."  Doc. 1.

## Discussion

To state a claim for relief that will survive screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*.; *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal).*

In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.2001).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir.2003) (citation and quotation

marks omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff's malpractice claims are based on allegations that Defendant failed to file various motions as Plaintiff's counsel during the state criminal proceedings. Thus, these claims cannot proceed under § 1983 because Defendant was not acting under color of state law. *Polk County*, 454 U.S. at 325.  As Plaintiff's criminal defense attorney, Defendant was under no obligation to pursue civil cases on Plaintiff's behalf, and Defendant's refusal to do so plainly cannot give rise to liability as a state actor under § 1983.

## Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED**.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 29th day of December 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:11-cv-181-RS-GRJ*